UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04CV-485-H

FRED AND SHANNON NEBEN                                                                   PLAINTIFF

V.

LOWE'S HOME CENTER, INC.                                                                 DEFENDANT

**MEMORANDUM OPINION**

Fred and Shannon Neben have filed suit against Lowe's Home Centers, Inc. ("Lowe's"), for negligence and bad faith based on injuries that Mr. Neben allegedly suffered while two Lowe's employees loaded a refrigerator onto Plaintiffs' truck. Lowe's removed the case from Jefferson Circuit Court based on diversity of citizenship. Discovery is now complete and Lowe's has moved for summary judgment. The Court also discussed the case with counsel during a conference.

I.

The facts are relatively uncomplicated, though subject to differing inferences. On February 19, 2004, Plaintiffs drove to Lowe's to pick up a new refrigerator to replace an older model that they had purchased two years before. They planned to load the refrigerator into their pick up truck and to drive it home themselves. They chose a floor model and at their request two Lowe's employees began to load it into Plaintiffs' truck. Because Mr. Neben had a severe back injury, he did not help them carry it; instead, he and his wife stood by the truck and watched.

According to Plaintiffs, as the Lowe's employees were lifting the refrigerator off of the

ground into the back of the truck, they lost control of it. The refrigerator fell towards Mr. Neben who was standing on the passenger side of the truck. Mr. Neben reached up to stop the refrigerator from falling and with all of his strength he shoved against it to put it back in an upright position. The physical exertion caused a severe neck injury which resulted in immediate and complete paralysis.

Prior to the incident at Lowe's, Mr. Neben had been suffering from rheumatoid arthritis which was causing stiffness in his spine and back. He had suffered an injury to his back on February 9, 2004, ten days prior to the incident at Lowe's. An MRI taken immediately after that injury by his treating physician revealed severe degenerative changes in his spinal cord. His physician referred him to a spine specialist and told him that he might require surgery.

II.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc.*, 862 F.2d 597, 601 (6th Cir. 1988). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In order to recover for his injuries, Plaintiffs must establish that the defendant owed them a duty of care that it breached causing his damages. *Illinois Central R.R. v. Vincent*, 412 S.W.2d 874, 876 (Ky. 1967). Lowe's argues that it owed Plaintiffs no legal duty because Mr. Neben understood the risks of helping to lift the refrigerator and voluntarily proceeded in conscious

disregard of those risks.[1]  The general rule in Kentucky is that one has a duty to exercise ordinary care in one's activities which extends to anyone who may foreseeably be injured by those activities.  *Isaacs v. Smith*, 5 S.W.3d 500 (Ky. 1999).  Because loading the Plaintiffs' refrigerator created the foreseeable risk of physical injury to Plaintiffs, Lowe's employees owed Plaintiffs a duty of ordinary care.  That duty is not eviscerated by the possibility that Mr. Neben failed to exercise ordinary care himself.

The next question is whether Lowe's breached its duty of care.  Lowe's alleges that the its employees had complete control of the refrigerator even after Mr. Neben was injured and that therefore they exercised the degree of care an reasonable person would exercise under the circumstances.  The Lowe's employees ably carried the refrigerator on their own.  They never asked for Mr. Neben's help or forced him to strain his back.   Mr. Neben's decision to become involved in the loading process was voluntary and not due to any fault of theirs.  Lowe's argues that it cannot be held responsible for Mr. Neben's own irrational decision.

Plaintiffs, however, argue that Mr. Neben's decision to try to lift the refrigerator was an instinctive response to Lowe's carelessness.  According to Plaintiffs, the Lowe's employees were incapable of carrying such a heavy load on their own; they failed to communicate with each other; and they had never been properly trained.  Therefore, they lost control of the refrigerator and it started to fall towards the passenger side of the truck, where Mr. Neben was already standing.  Mr. Neben had no choice but to prevent the refrigerator from continuing to fall.  The

---

[1]Lowe's also argues that it owed Plaintiffs no legal duty because Plaintiffs have failed to show that "loading a refrigerator constitutes a dangerous condition."  It is true that a premises owner has a duty to business invitees to discover the existence of dangerous conditions on its premises and either correct them or warn of them.  *Johnson v. Lone Star Steakhouse & Saloon of Ky., Inc.*, 997 S.W.2d 490, 492 (Ky. Ct. App. 1999).  However, that duty does not eviscerate a person's more general duty to exercise ordinary care in the course of his activities.  Because loading a refrigerator is an activity and not a condition of the premises, the more general duty applies.

parties' divergent inferences from the evidence constitute genuine issues of material fact which must be resolved by a jury.[2]

Lowe's also argues that Lowe's alleged negligence did not cause Plaintiff's injuries. Lowe's offers an expert opinion that Mr. Neben's injury was caused by his pre-existing spinal condition–not by the negligence of Lowe's employees. To date, Plaintiffs have offered no contrary expert testimony. However, there is no absolute legal requirement that a plaintiff prove causation through expert testimony. *See Johnson v. Vaughn*, 370 S.W.2d 591, 597 (Ky. 1963) ("[C]ircumstantial evidence may be sufficient to prove reasonable probability or proximate cause where the evidence reasonably establishes a causal connection between the alleged negligence and the injury."). On the other hand, expert testimony is necessary to establish a permanent injury or future wage loss.

Here, Mr. Neben has offered his own sworn testimony of facts conceivably justifying an inference of causation and an operative procedure report from his treating physician which indicates that it is possible for his injuries to have resulted from the alleged negligence of the Lowe's employees. It is the province of the jury to determine whether Lowe's expert is credible. Plaintiffs have offered at least a minimal evidentiary basis upon which a jury could find in their favor. Accordingly, the Court finds summary judgment inappropriate.

### III.

Plaintiffs also allege in their complaint that they are entitled to punitive damages because the Lowe's employees "acted in a malicious and wanton manner, and in conscious disregard of

---

[2]Assuming the Lowe's employees did breach a duty of care, Lowe's is vicariously liable for Plaintiffs' injuries under the doctrine of respondeat superior because they occurred within the scope of the workers' employment. *See, e.g.*, *Roethke v. Sanger*, 68 S.W.3d 352 (Ky. 2001)

4

the rights and safety of Neben and customers similarly situated."  Under Kentucky law, punitive damages may be awarded only when there has been a "failure to exercise reasonable care, and then an additional finding that this negligence was accompanied by 'wanton or reckless disregard for the lives, safety or property of others.'"  *Phelps v. Louisville Water Co.*, 103 S.W.3d 46, 52 (Ky. 2003) (*quoting Horton v. Union Light, Heat & Power Co.*, 690 S.W.2d 382, 389-90) (Ky. 1985)).  There is no evidence that Lowe's or any of its employees acted with a wanton or reckless disregard for the safety of others.  Therefore, the court on its own motion finds that Plaintiff is not entitled to punitive damages.

Plaintiffs also allege that Lowe's engaged in bad faith in dealing with Plaintiffs' claims. However, because Lowe's is not engaged in the business of insurance, that claim must be dismissed.  *See Davidson v. American Freightways, Inc.*, 25 S.W.3d 94, 95 (Ky. 2000) (holding that the tort of bad faith only applies to persons or entities engaged in the business of insurance).

The Court will enter an order consistent with this Memorandum Opinion.

cc:     Counsel of Record